WILLIAM A. HIRSHIZER ET AL., Appellants, *v.* THOMAS R. TINSLEY ET AL., Respondents.

### April 17, 1883.

1. LIS PENDENS. — CREDITOR'S BILL. — The filing of a creditor's bill, without service of summons, does not create a *lis pendens* or an equitable levy.

2. EXEMPTIONS. — A creditor of a bankrupt debtor cannot take property claimed and allowed as exempt by the law of the debtor's domicile, because of the debtor's failure to answer an action in which he is not served.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed*.

E. B. SHERZER, for the appellants.

NOBLE & ORRICK, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This cause has been here before, and is to be found reported in 9 Missouri Appeal Reports, page 339. It is not necessary to repeat the statement there made. The pleadings are the same, and the cause was tried upon the same agreed statement of facts. When the cause was here before, we reversed the judgment of the circuit court, which was for plaintiff,

and remanded the cause.   On the second trial, the pleadings stood in all respects as before, and the circuit court dismissed the bill.   In this, the circuit court seems to have been governed by the opinion of this court on the former appeal, which seems to leave no room for any other action, and its judgment must be affirmed.

Counsel for appellant insists that the mere filing of a creditor's bill, without service of summons, creates a *lis pendens*, and is an equitable levy.   As to this, we are all agreed, after considering what is now urged by learned counsel for appellant as to this point, that the views expressed in the former opinion were correct, and we shall not depart from our ruling on that point.

It is contended by counsel for appellant that exemption, being a fixed and determinate right, not dependent upon the discretion of the assignee, or of the bankrupt court, and the property here being $500 out of $662.50 in cash (the distributive share of the bankrupt defendant Tinsley in his brother's estate), the assent of the assignee was not necessary, and he has no function to perform in regard to it. We do not see what this has to do with the matter.   This property was either exempt or not exempt.   If exempt, plaintiff, by the fact of the exemption, is not to be allowed to take it to satisfy an indebtedness of the bankrupt to him. If not exempt, it goes to the assignee.   Under either theory, plaintiff cannot take it.   It was exempt, however, and was specifically claimed by the bankrupt as exempt, in lieu of homestead, under the law of the state of Ohio, of which defendant Tinsley was a resident citizen at the time of his bankruptcy, and during all these proceedings.   Counsel for appellant does not deny that the $500 is exempt under the provisions of the Ohio statute and of the United States bankrupt law ; but he insists that exemption is a personal privilege which the debtor may waive, that it cannot in this case be effectually asserted for Tinsley by the other de-

fendants, the administrator of his brother, and the assignee, and that, by not answering, Tinsley has waived his right. There could be no judgment in this action, against Tinsley, who, though made a defendant, was a non-resident, and not brought within the jurisdiction of the Missouri court by the process served upon him in Ohio. If the court had jurisdiction of the *res,* it was bound to dispose of the *res* according to the real rights of the matter, and the issues made by the pleadings. The assignee claimed all the $662.50 as his. The administrator, who had a right to see that he paid it to the right party, contended that the money, as to $500 of it, which was exempt, was payable to Tinsley, the bankrupt defendant. Tinsley was not bound to come here to assert his rights ; and is not to be taken to have waived the exemption, which it is admitted that he had expressly claimed in the bankruptcy proceedings in Ohio, merely because he filed no answer in addition to those of his assignee and the administrator of the fund in controversy. But this seems to be immaterial, for the reason stated. There is no escape from the conclusion, that, if this property was not exempt, it passed to the assignee, and under our rulings on the former appeal, could in no event go to the creditor.

I do not now perceive why the cause was remanded when here before. This seems to have been done out of abundant caution ; and perhaps the effect of the Ohio statute was not shown or admitted. At any rate, the judgment of the circuit court dismissing the bill was the only possible judgment under the admitted facts of this case and the law as declared by this court on the former appeal. Judgment affirmed. All the judges concur.